United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY JULIET NG,

Plaintiff,

v.

US BANK TRUSTEE, NA, et al.,

Defendants.

Case No. 15-cv-04998-PSG

**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**(Re: Docket No. 47)**

Plaintiff Mary Juliet Ng alleges that Defendants U.S. Bank National Association and Select Portfolio Servicing, Inc. violated various state and federal laws in transferring a deed of trust on Ng's home and initiating foreclosure proceedings.[1] Defendants now move to dismiss Ng's first amended complaint on a number of grounds.[2] The motion is GRANTED, but with partial leave to amend.

**I.**

In 2007, Ng and her husband took out a $765,000 mortgage from Washington Mutual on a piece of real property in San Jose.[3] On or before May 23, 2007, WaMu sold the note to a securitized trust, the Wamu Pass Through Certificate Series 2007-HY6 Trust, which closed on May 23, 2007.[4] On April 21, 2010, an assignment of the deed of trust and the note to Bank of

[1] *See* Docket No. 45.

[2] *See* Docket No. 47.

[3] *See* Docket No. 45 at ¶¶ 7-8.

[4] *See id.* at ¶ 9(a).

United States District Court
Northern District of California

America, N.A., as trustee of the 2007-HY6 trust, and a notice of default were both recorded.[5] Later that year, California Reconveyance Company recorded a notice of trustee's sale.[6] Early in 2011, another assignment was recorded, which again granted all beneficial interest in the deed of trust to Bank of America, but this time the assignment did not explicitly transfer the note.[7] Two more notices of trustee's sale followed in April 2013 and May 2014.[8]

Ng alleges that these assignments were invalid.[9] Furthermore, she argues that, because the second assignment failed to transfer the note along with the deed of trust, it rendered Ng's mortgage a nullity.[10] Because of those invalid assignments, Ng claims that none of these parties have the authority to foreclose on her home.[11]

Ng and her husband filed this suit on October 30, 2015.[12] In February of this year, the court granted Defendants' motion to dismiss the initial complaint, but with leave to amend.[13] Ng then filed the amended complaint at issue here.[14] The operative complaint has eleven causes of action: (1) wrongful foreclosure, (2) violations of California's Homeowner Bill of Rights, (3) slander of title, (4) injunctive relief, (5) violations of the federal Truth in Lending Act, (6)

---

[5] *See id.* at ¶¶ 11-12; Docket No. 45-1, Ex. 2; *see also* Docket No. 48-1, Ex. 3.

[6] *See* Docket No. 45 at ¶ 16; *see also* Docket No. 48-1, Ex. 4.

[7] *See* Docket No. 45 at ¶ 17; Docket No. 45-1, Ex. 4.

[8] *See* Docket No. 45 at ¶¶ 20, 22; *see also* Docket No. 48-1, Exs. 6, 7.

[9] *See* Docket No. 45 at ¶¶ 11, 14-15.

[10] *See id.* at ¶ 17.

[11] *See id.* at ¶¶ 10, 13, 19(a).

[12] *See* Docket No. 1. Ng's husband voluntarily dismissed his claims shortly thereafter. *See* Docket No. 17.

[13] *See* Docket No. 42.

[14] *See* Docket No. 45.

United States District Court
Northern District of California

violations of the Fair Debt Collection Practices Act and the Real Estate Settlement Procedures Act, (7) tolling of the statute of limitations by fraudulent concealment, (8) fraud, (9) unfair competition under Cal. Bus. Prof. Code § 17200, (10) intentional misrepresentation and (11) violation of Cal. Civ. Proc. Code § 726 on sufficiency of pleading.[15] Five of these claims—her second, third, eighth, tenth and eleventh causes of action—are new to the first amended complaint.

**II.**

This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[16]

**III.**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[17] When a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[18] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19] Under Fed. R. Civ. P. 12(b)(6), "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[20] Dismissal with prejudice and without leave to amend is appropriate if it is clear that the complaint could not be saved by amendment.[21]

---

[15] *See* Docket No. 45.

[16] *See* Docket Nos. 8, 9.

[17] Fed. R. Civ. P. 8(a)(2).

[18] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[20] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[21] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

United States District Court
Northern District of California

At this stage of the case, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[22] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference and matters of which the court may take judicial notice.[23] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact or unreasonable inferences.[24]

As a preliminary matter, Defendants request judicial notice of several documents, including various deeds of trust and notices of default.[25] The court may take judicial notice of a "fact that is not subject to reasonable dispute because it is generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[26] In the event that the contents of a matter of public record are in dispute, the court may take notice of the fact of the document at issue but not of the disputed information contained within.[27] Not all of the submitted documents were recorded or submitted in a judicial proceeding, but only those documents are material to the court's decision. And because Ng disputes their contents,[28] the court will take judicial notice only of the fact that the documents are in the public record.

***First***, Defendants move to dismiss the new causes of action that Ng added in her amended complaint because the court never expressly granted Ng leave to assert new claims. Defendants argue that, absent such an explicit statement, a court's order granting a motion to dismiss cannot

---

[22] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[23] *See id.*

[24] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 (holding that "a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[25] *See* Docket No. 48.

[26] Fed. R. Evid. 201(b).

[27] *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).

[28] *See* Docket No. 50.

be construed as granting leave to add new claims that were not pleaded in the first place.[29] The court notes that the authority on this point is not as clear as Defendants claim. As another court in this district has observed, "California district courts have occasionally considered new claims submitted in an amended complaint where the prior order of dismissal granted leave to amend without limitation."[30] Nevertheless, Ng does not oppose this portion of Defendants' motion.[31] These claims are dismissed without leave to amend.

***Second***, Defendants seek dismissal of Ng's claim for wrongful foreclosure. "A beneficiary or trustee under a deed of trust who conducts an illegal, fraudulent or willfully oppressive sale of property may be liable to the borrower for wrongful foreclosure."[32] "[W]hen seeking to set aside the foreclosure sale, the plaintiff must also show prejudice and a tender of the amount of the secured indebtedness, or an excuse of tender."[33] "Tender has been excused when, among other circumstances, the plaintiff alleges the foreclosure deed is facially void, as arguably is the case when the entity that initiated the sale lacked authority to do so."[34] A plaintiff may bring a claim for wrongful foreclosure only once the foreclosure sale has occurred.[35]

---

[29] *See Yau v. Deutsche Bank Nat'l Trust Co. Ams.*, Case No. 11-cv-00006, 2011 WL 8326579, at *2 (C.D. Cal. Aug. 21, 2011).

[30] *DeLeon v. Wells Fargo Bank, N.A.*, Case No. 10-cv-01390, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010) (collecting cases); *see also Jameson Beach Prop. Owners Ass'n v. United States*, Case No. 13-cv-01025, 2014 WL 4925253, at *3 (E.D. Cal. Sept. 29, 2014) (citation omitted) ("District Courts in this circuit generally allow plaintiffs to add new claims and/or parties to an amended complaint where a prior order of dismissal granted leave to amend without limitation.").

[31] *See* Docket No. 51-1.

[32] *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 929 (2016).

[33] *Id.* at 929 n.4.

[34] *Id.*

[35] *See Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 814-15 (2016). *But see Lundy v. Selene Finance, LP*, Case No. 15-cv-05676, 2016 WL 1059423, at *10-13 (N.D. Cal. Mar. 17, 2016) (concluding that the California Supreme Court would permit pre-foreclosure challenges to void assignments of a deed of trust).

United States District Court
Northern District of California

Ng's claim fails for a number of reasons. Because Ng alleges defects in assignments that were recorded more than four years before she brought this suit,[36] her claim is barred by the statute of limitations.[37] Because "California's non-judicial foreclosure law rejects the splitting-the-note theory,"[38] Ng cannot claim that her mortgage was rendered void when her deed of trust was assigned without the note.[39] Because the allegedly invalid assignment was, at most, voidable and not void, Ng does not have standing to challenge it.[40] Because the foreclosure sale has not yet occurred, the claim is premature. And because Ng has not alleged that she has tendered the full loan proceeds, she has failed to satisfy the tender rule. The wrongful foreclosure claim is dismissed. Further amendment would be futile, so leave to amend the claim is denied.

[36] *See* Docket No. 48-1, Exs. 2, 5.

[37] *See* Cal. Civ. Proc. Code § 337. In California, a cause of action accrues when "the plaintiff either discovers or has reason to discover the existence of a claim." *Slovensky v. Friedman*, 142 Cal. App. 4th 1518, 1528-29 (2006) (citing *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397-98 (1999)). Here, Ng had inquiry notice of the transfers as soon as they were recorded. Equitable tolling does not apply because Ng does not allege that circumstances beyond her control prevented her from discovering her claims. *Cf. Vargas v. JP Morgan Chase Bank, N.A.*, 30 F. Supp. 3d 945, 949 (C.D. Cal. 2014) ("It is rather unclear how [the plaintiff] can characterize his conduct as reasonably diligent when he did not check the recorder's office."). And Ng's bankruptcy did not toll the running of the statute of limitations. *See Brunner v. CUSA PCSTC, LLC*, Case No. 14-cv-00977, 2015 WL 546685, at *2 (C.D. Cal. Feb. 10, 2015) (citing *Husmann v. TWA*, 169 F.3d 1151, 1154 (8th Cir. 1999)).

[38] *Kramer v. Bank of Am., N.A.*, Case No. 13-cv-01499, 2014 WL 1577671, at *8 (E.D. Cal. Apr. 17, 2014) (citing *Ghuman v. Wells Fargo Bank, N.A.*, 989 F. Supp. 2d 994, 1002-03 (E.D. Cal. 2013); *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1098-99 (E.D. Cal. 2010)); *see also Barbieri v. PWFG REO Owner, LLC*, Case No. 12-cv-05252, 2013 WL 57865, at *2-3 (N.D. Cal. Jan. 2, 2013).

[39] In any case, the only assignment that allegedly suffered this defect was a duplicate of another assignment that did transfer the note with the deed of trust. *See* Docket No. 45-1, Exs. 2, 4.

[40] *See Saterbak*, 245 Cal. App. 4th at 815 (holding that an untimely or unauthorized transfer to a securitized trust is only voidable and not void). The California Supreme Court recently held that "a wrongful foreclosure plaintiff has standing to claim the foreclosing entity's purported authority to order a trustee's sale was based on a void assignment of the note and deed of trust." *Yvanova*, 62 Cal. 4th at 939. However, it explicitly declined to extend its holding "to claimed defects that would make the assignment merely voidable." *Id.*

United States District Court
Northern District of California

***Third***, Ng's claim under TILA fares no better. TILA imposes a statutory obligation to notify mortgage borrowers of the sale or transfer of their loans.[41] These claims are subject to a one-year limitations period.[42] Here, even assuming that the substitution of U.S. Bank Trustee as the trustee for the securitized trust resulted in a change of ownership of the loan, the substitution occurred more than a year before Ng brought this action. Ng argues that she did not have notice of U.S. Bank Trustee's involvement until it filed a notice of claim in Ng's bankruptcy proceeding on November 7, 2014. But, in light of documents that Defendants have proffered for judicial notice, Ng's claim is implausible. U.S. Bank Trustee appeared in the bankruptcy proceeding and identified itself as the trustee for the Trust on June 19, 2014, and it filed an objection to an objection to the confirmation of Ng's bankruptcy plan on October 20, 2014.[43] The TILA claim is dismissed, also without leave to amend.

***Fourth***, Ng's FDCPA and RESPA claims fall short too. An FDCPA plaintiff "must allege facts that establish the following: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA."[44] Ng does not allege precisely what conduct by which Defendant violated FDCPA. Even if she had, her claim could not survive. A mortgage servicer or the assignee of a debt is not a "debt collector" under the FDCPA.[45] And in any case,

---

[41] *See* 15 U.S.C. § 1641(g) ("In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer . . . .").

[42] *See id.* § 1640(e).

[43] *See* Docket No. 48-3, Exs. 21, 22.

[44] *Pratap v. Wells Fargo Bank, N.A.*, 63 F. Supp. 3d 1101, 1113 (2014) (quoting *Gomez v. Wells Fargo Home Mortg.*, Case No. 11-cv-01725, 2011 WL 5834949, at *5 (N.D. Cal. Nov. 21, 2011)).

[45] *See id.* at 1113-14; *Caballero v. Ocwen Loan Servicing*, Case No. 09-cv-01021, 2009 WL 1528128, at *1 (N.D. Cal. May 29, 2009).

United States District Court
Northern District of California

the FDCPA does not apply to foreclosure activities.[46]

As for RESPA, that statute "provides plaintiffs with a private right of action for . . . 'the failure by a loan servicer . . . to respond to a qualified written request [(QWR)] for information about a loan.'"[47] The QWR must identify the borrower and "include[] a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provide[] sufficient detail to the servicer regarding other information sought by the borrower."[48] Within 30 days, the servicer must respond and make any appropriate corrections, explain or clarify why it believes that the account is correct, answer (or explain why it cannot answer) the borrower's questions and provide contact information for someone who can assist the borrower.[49] The servicer need not respond, however, if it reasonably determines that the request seeks irrelevant information, is overbroad or is unduly burdensome.[50] Ng alleges that she sent a QWR to an unspecified Defendant on October 23, 2015 and received a "wholly inadequate response" on December 9, 2015.[51]

Ng has not stated a claim under RESPA. U.S. Bank Trustee is not a loan servicer. As to SPS, Ng's complaint does not include a copy of the purported QWR or the response, she does not allege what the QWR contained and she fails to explain how the response was inadequate.[52]

---

[46] *See Colbert v. Sage Point Lender Servs., LLC*, Case No. 14-cv-01626, 2015 WL 779006, at *3 (E.D. Cal. Feb. 24, 2015) (citations omitted)

.

[47] *Gomez*, 2011 WL 5834949, at *3 (quoting *Choudhuri v. Wells Fargo Bank, N.A.*, Case No. 11-cv-00518, 2011 WL 5079480, at *8 (N.D. Cal. Oct. 25, 2011)) (citing 12 U.S.C. § 2605(f)).

[48] 12 U.S.C. § 2605(e)(1)(B).

[49] *See id.* § 2605(e)(2).

[50] *See* 12 C.F.R. § 1024.36(f).

[51] Docket No. 45 at ¶¶ 69-71.

[52] Ng did attach a copy of her QWR to her opposition to the motion to dismiss, *see* Docket No. 51-4, Ex. 8, but "a complaint may not be amended by briefs in opposition to a motion to dismiss."

8

Case No. 15-cv-04998-PSG
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT

United States District Court
Northern District of California

Besides, Ng has not alleged any damages arising from any RESPA violation, and statutory damages are available only for a "pattern or practice of noncompliance,"[53] which Ng alleges only in conclusory terms.[54] Ng's claim under FDCPA and RESPA is dismissed. However, on the present record, the court cannot yet say whether Ng can make out a claim under RESPA. Leave to amend therefore is granted, but only with respect to the RESPA claim.

***Fifth***, Ng's remaining claims are not independent causes of action and must fail as well. Ng's complaint includes a claim for equitable tolling of the statute of limitations, but equitable tolling is merely a rebuttal to an affirmative defense. Similarly, declaratory and injunctive relief "are types of relief, not claims to relief," and they cannot be pled as their own causes of action.[55] These claims are dismissed without leave to amend.

Meanwhile, to state a claim under the UCL, Ng must allege that a defendant engaged in an "unlawful, unfair or fraudulent business practice."[56] The statute effectively borrows violations of other laws and renders them independently actionable.[57] Because the court has dismissed all the other claims that might have served as predicate violations, the UCL claim cannot survive either.[58] The latter claim is dismissed, but with leave to amend.

---

*Arevalo v. Bank of Am. Corp.*, 850 F. Supp. 2d 1008, 1020 (N.D. Cal. 2011) (quoting *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1145 (N.D. Cal. 2010)). In any case, the QWR did not elaborate on why Ng believed the account was in error, and it contained 43 requests for information, most of which were unrelated to the servicing of the loan. *See* Docket No. 51-4, Ex. 8.

[53] 12 U.S.C. § 2605(f)(1)(B).

[54] *See* Docket No. 45 at ¶ 71.

[55] *Sowinski v. Wells Fargo Bank, N.A.*, Case No. 11-cv-06431, 2012 WL 5904711, at *1 (N.D. Cal. Nov. 26, 2012).

[56] Cal. Bus. & Prof. Code § 17204.

[57] *See Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (quoting *State Farm Fire & Cas. Co. v. Superior Court*, 45 Cal. App. 4th 1093, 1103 (1996)).

[58] *See Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1190-91 (N.D. Cal. 2009).

9

Case No. 15-cv-04998-PSG
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT

United States District Court
Northern District of California

**IV.**

Defendants' motion to dismiss is GRANTED. Leave to amend is granted only as to the RESPA portion of her sixth cause of action, as well as her ninth cause of action under Section 17200. Ng may not add any new claims without leave of court. Any amended complaint must be filed within 21 days.

**SO ORDERED.**

Dated: May 26, 2016

PAUL S. GREWAL
United States Magistrate Judge

10

Case No. 15-cv-04998-PSG
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT