1

2

3

4                                 UNITED STATES DISTRICT COURT

5                               NORTHERN DISTRICT OF CALIFORNIA

6

7    MARY JULIET NG,                                Case No.  15-cv-04998-KAW

            Plaintiff,

8

         v.                                         **ORDER GRANTING IN PART AND**
9                                                   **DENYING IN PART MOTION FOR**
                                                    **ATTORNEY'S FEES**
10   US BANK, NA, et al.,
                                                    Re: Dkt. No. 88
            Defendants.

11

12

13          Plaintiff Mary Ng filed this suit against Defendants U.S. Bank, NA, Select Portfolio

14   Servicing Inc. ("SPS"), and Quality Loan Service Corporation ("QLS"), alleging violations of the

15   Real Estate Settlement Procedures Act ("RESPA") and California's Unfair Competition Law

16   ("UCL").  (Second Amended Compl. ("SAC"), Dkt. No. 73.)  On September 26, 2016, the Court

17   granted Defendants' motion to dismiss in full and with prejudice, and entered judgment

18   accordingly.  (Dkt. Nos. 86, 87.)

19          On October 10, 2016, Defendants U.S. Bank and SPS filed a motion for attorney's fees in

20   the amount of $39,231.00, based on the fee-shifting provisions in Plaintiff's note and deed of trust.

21   (Defs.' Mot., Dkt. No. 88.)  The Court deemed the matter suitable for disposition without hearing

22   pursuant to Civil Local Rule 7-1(b) and vacated the hearing set for December 1, 2016.  (Dkt. No.

23   114.)  Upon review of the parties' filings, the Court GRANTS IN PART AND DENIES IN PART

24   Defendants' motion for attorney's fees.

25                              **I.      BACKGROUND**

26   **A.      Factual Background**

27          In 2007, Plaintiff and her husband took out a $765,000 mortgage from Washington Mutual

28   on a San Jose property.  (Dkt. No. 66 at 1.)  Plaintiff executed a Deed of Trust on the San Jose

United States District Court
Northern District of California

1   property.  (SAC ¶ 9, Exh. A.)  On April 21, 2010, California Reconveyance Company recorded an

2   "Assignment of Deed of Trust," which was signed by JPMorgan Chase and stated that the

3   beneficial interests under the Deed of Trust were transferred to Bank of America, National

4   Association.  (SAC ¶ 10, Exh. B.)  California Reconveyance Company also recorded a notice of

5   default on this date.  (SAC ¶ 13, Exh. E.)  On July 21, 2010, California Reconveyance Company,

6   acting as the trustee under the Deed of Trust, filed a notice of trustee's sale.  (SAC ¶ 13, Exh. F.)

7   On February 8, 2011, JPMorgan Chase recorded an "Assignment of Deed of Trust," again

8   transferring all beneficial interests under the Deed of Trust to Bank of America, National

9   Association, but without explicitly transferring the note.  (SAC ¶ 11, Exh. C.)  Finally, on or

10  around January 24, 2014, ALAW requested a recording of a "Substitution of Trustee," signed by

11  U.S. Bank as trustee and successor in interest to Bank of America, N.A.  (SAC ¶ 12, Exh. C.)  The

12  "Substitution of Trustee" substituted ALAW as trustee of the Deed of Trust.  During 2013 and

13  2014, several other notices of trustee sale were filed, and the most recent notice of trustee sale was

14  allegedly filed in April 2016.   (SAC ¶ 13.)

15       On October 23, 2015, Plaintiff sent a four-page letter to SPS, the loan servicer.  (SAC ¶¶ 4,

16  22, Exh. H ("QWR").)  The letter was titled "Qualified Written Request" ("QWR"), and disputed

17  the amount owed on the identified loan.  (QWR at 1.)  The letter also raised concerns regarding

18  ownership and servicing of the loan and the underlying security interest.  (*Id.*)  The letter then

19  made 43 requests for information, including the original Promissory Note, all past and present

20  owners/beneficiaries or partial owners/beneficiaries, the present lender of the loan, all payments

21  that went to each owner of the Promissory Note, the original Deed of Trust, all past and present

22  owners or beneficiaries of the Deed of Trust, and all assignments and transfers related to the Deed

23  of Trust and/or Promissory Note.  (*Id.* at 1-4.)

24       On December 4, 2015, SPS's counsel responded to Plaintiff's letter, stating that SPS had

25  determined that the letter was not a QWR.  (SAC ¶ 23, Exh. I ("SPS Resp.").)  SPS's response

26  contended that Plaintiff's letter "does not identify any purported error in your account or any

27  explanation why you believe your account in error.  Instead, your letter improperly requests

28  various categories of documents, many of which are beyond the scope of a permissible QWR."

United States District Court
Northern District of California

United States District Court
Northern District of California

(SPS Resp. at 2.)  Additionally, SPS argued that to the extent that Plaintiff's letter "states that you 'dispute the amount that is owed' . . . these vague allegations are insufficient to constitute a QWR" because "under RESPA, the letter would need to identify an 'error' in your account, and provide sufficient detail for SPS to understand why you believe an error in your account occurred."  (*Id.*) The letter also noted that many of the documents regarding the unpaid balance, arrears, fees, and payment history had been provided in other court proceedings, and thus the request was duplicative.  (*Id.* at 2-3.)  Despite these alleged deficiencies, SPS also enclosed a copy of the payment history, note, deed of trust, assignment of deed of trust, and assignment and assumption agreement.  (*Id.* at 4.)

### B.    Procedural Background

Plaintiff and her husband filed the instant suit on October 30, 2015, alleging wrongful foreclosure, violation of the Truth in Lending Act ("TILA"), violation of the Fair Debt Collection Practices Act ("FDCPA"), fraudulent concealment, and violation of the UCL.  (Dkt. No. 1.)  The case was assigned to Judge Grewal, and all parties consented.  (Dkt. Nos. 8, 9.)  On December 21, 2015, Defendants filed a motion to dismiss the complaint.  (Dkt. No. 15.)  On January 5, 2016, Plaintiff's husband filed a notice of voluntary dismissal and dismissed the case on his behalf. (Dkt. Nos. 17, 18.)  Judge Grewal granted Defendants' motion to dismiss with leave to amend on February 9, 2016.  (Dkt. No. 42.)

Plaintiff filed an amended complaint on March 8, 2016, alleging wrongful foreclosure, violations of California Civil Code § 2923.5 and § 2924, slander of title, injunctive relief, violations of TILA, violations of the FDCPA and RESPA, fraud and deceit, and violation of the UCL.  (Dkt. No. 45.)  Defendants filed a motion to dismiss the amended complaint on March 25, 2016.  (Dkt. No. 47.)  Before the motion to dismiss could be decided, Plaintiff filed a motion for a temporary restraining order, based on the notice of trustee's sale filed on April 7, 2016.  (Dkt. No. 56.)  Judge Grewal denied the motion for a temporary restraining order, and granted the motion to dismiss.  (Dkt. No. 63, Ord. at 6.)

Plaintiff filed her Second Amended Complaint on June 29, 2016, alleging violations of RESPA and the UCL.  Defendants then filed a motion to dismiss the Second Amended Complaint.

United States District Court
Northern District of California

1    (Dkt. No. 75.)  On September 26, 2016, the Court granted Defendants' motion to dismiss in its

2    entirety.  (Dkt. No. 86.)  First, the Court found that the RESPA claim failed because Plaintiff did

3    not identify a pecuniary harm caused by any alleged inadequate response.  (*Id.* at 11.)  Second, the

4    Court found that the UCL claim, which was based on TILA and wrongful assignment claims that

5    Judge Grewal had dismissed with prejudice, failed because Plaintiff did not adequately allege

6    standing, and because Plaintiff's claims fell outside of the UCL's four-year statute of limitations.

7    (*Id.* at 12-14.)  The Court concluded that further amendment was futile and dismissed the case

8    with prejudice.  (*Id.* at 14.)

9         On October 10, 2016, Defendants filed their motion for attorney's fees, along with a

10   declaration by attorney Lindsey E. Kress and a Request for Judicial Notice.  (Defs.' Mot.; Kress

11   Decl., Dkt. No. 89; Request for Judicial Notice ("RJN"), Dkt. No. 90.)  On October 27, 2016,

12   Plaintiff filed her opposition.[1]  (Plf.'s Opp'n, Dkt. No. 101.)  On November 3, 2016, Defendants

13   filed their reply.  (Defs.' Reply, Dkt. No. 104.)  On November 29, 2016, Plaintiff filed a

14   "Supplemental Response" without seeking Court approval, in violation of Civil Local Rule 7-3(d),

15   stating, among other things, that the property at issue in this suit has been sold.  (Dkt. No. 113.)[2]

16                              **II.    LEGAL STANDARD**

17        **A.    Request for Judicial Notice**

18        A district court may take judicial notice of facts not subject to reasonable dispute that are

19   "capable of accurate and ready determination by resort to sources whose accuracy cannot

20   reasonably be questioned."  Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331,

21   333 (9th Cir. 1993).  A court may, therefore, take judicial notice of matters of public record.

22   *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

23

24   _____

25   [1] Plaintiff's opposition was not timely, and filed after the Court issued an order to show cause.
     (Dkt. No. 95.)  After Plaintiff filed her opposition, the Court discharged the order to show cause.
26   (Dkt. No. 103.)

27   [2] Because Plaintiff's supplemental response was filed without Court approval, it is stricken and
     will not be considered.  *See* Local Rule 7-3(d) ("Once a reply is filed, no additional memoranda,
28   papers, or letters may be filed without prior Court approval, except as" to objections and
     Statements of Recent Decision).

**B.    Motion for Attorney's Fees**

California law governs the right to recover attorneys' fees pursuant to an underlying contract.  *See Berkla v. Corel Corp.,* 302 F.3d 909, 919 (9th Cir. 2002) (applying Cal. Civ. Proc. Code § 1021, which requires courts to follow contractual fee-shifting provisions).  In similar circumstances, courts in this district have awarded attorney's fees.  *See, e.g., Nguyen v. Wells Fargo Bank, N.A.,* No. C-10-4081-EDL, 2011 WL 9322 (N.D.Cal. Jan. 3, 2011).  California Civil Code § 1717(a) governs the recovery of attorneys' fees pursuant to an underlying contract, stating:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

"An involuntary dismissal operates as an adjudication on the merits unless it is for lack of jurisdiction, improper venue, or failure to join a party under Rule 19."  *Mitchell v. Wells Fargo Bank, N.A.*, Case No. 13-4017-KAW, 2014 WL 1320295, at *2 (N.D. Cal. Apr. 1, 2014) (internal quotation omitted).

## III.    DISCUSSION

**A.    Request for Judicial Notice**

Defendants ask that this Court take judicial notice of: (1) the docket for the Chapter 13 bankruptcy action filed by Plaintiff and her husband on October 12, 2010, (2) the docket for the Chapter 11 bankruptcy action filed by Plaintiff and her husband on December 31, 2010, (3) the Notice of Trustee's Sale recorded on April 19, 2013 (4) the docket for the adversary proceeding filed by Plaintiff and her husband on May 7, 2013, (5) the docket for a second adversary proceeding filed by Plaintiff and her husband on May 7, 2013, (6) the Notice of Trustee's Sale recorded on April 7, 2014, (7) the Notice of Trustee's Sale recorded on May 23, 2014, (8) the docket for the Chapter 13 bankruptcy filed by Plaintiff on June 16, 2014, (9) the docket for the adversary proceeding filed by Plaintiff on May 8, 2015, (10) the Bankruptcy Court's order granting relief from the automatic stay entered on October 21, 2015, (11) the Notice of Trustee's Sale recorded on April 1, 2016, (12) the docket for the Chapter 13 bankruptcy filed by Plaintiff on

United States District Court
Northern District of California

5

United States District Court
Northern District of California

April 25, 2016, (13) a declaration by SPS in support of a motion for relief from automatic stay, and (14) a copy of the adjustable rate note, which was filed during the bankruptcy proceedings.

The Court takes judicial notice of the dockets for the bankruptcy proceedings (Exhibits 1, 2, 4, 5, 8, 9, 12) and filings made in the bankruptcy proceedings (Exhibit 10, 14), as judicial notice may be taken of court records. *See* Fed. R. Evid. 201(b)(2); *Wilson*, 631 F.2d at 119 ("a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases").  With respect to the adjustable rate note, however, the Court is not required to take judicial notice as to the truth of the matters asserted therein, only that the note was filed during the bankruptcy proceedings.

As for the remaining documents, Plaintiff did not file an opposition to Defendants' request for judicial notice, and so Plaintiff is not deemed to dispute the authenticity of any of the exhibits. The Notices of Trustee's Sale (Exhibits 3, 6, 7, and 11) are true and correct copies of official public records, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  The Purchase and Assumption Agreement (Exhibit 13) likewise is judicially noticeable "because it is a document published by the federal government, a matter of public record, and its accuracy cannot reasonably be questioned."  *See Brooks v. Wash. Mut. Bank*, No. C 12-765 WHA, 2012 WL 5869617, at *2 (N.D. Cal. Nov. 19, 2012) (internal quotation omitted).

Accordingly, the Court GRANTS Defendants' request for judicial notice.

**B.    Motion for Attorney's Fees**

**i.    Entitlement to Attorney's Fees**

Defendants contend that they are entitled to attorney's fees based on the adjustable rate note and the deed of trust.  Specifically, the adjustable rate note states:

> 7. BORROWER'S FAILURE TO PAY AS REQUIRED
> . . . .
> (E) Payment of Note Holder's Costs and Expenses
> If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law.  Those expenses include, for example, reasonable attorneys' fees.

6

1    (RJN, Exh. 14 at 3.)

2           Likewise, the deed of trust states:

3               22. Acceleration; Remedies.  Lender shall give notice to Borrower
                prior to acceleration following Borrower's breach of any covenant or
4               agreement in this Security Instrument (but not prior to acceleration
                under Section 18 unless Applicable Law provides otherwise). . . . If
5               the default is not cured on or before the date specified in the notice,
                Lender at its option may require immediate payment in full of all
6               sums secured by this Security Instrument without further demand
                and may invoke the power of sale and any other remedies permitted
7               by Applicable Law.  Lender shall be entitled to collect all expenses
                incurred in pursuing the remedies provided in this Section 22,
8               including, but not limited to, reasonable attorneys' fees and costs of
                title evidence.
9
     (SAC, Exh. 1 at 13 (original emphasis omitted).)
10
            Courts in this district have analyzed similar language to permit the recovery of a
11
     defendant's attorney's fees in foreclosure cases.  *E.g.*, *Mitchell*, 2014 WL 1320295, at *3 (finding
12
     that the defendant was entitled to attorney's fees where the deed of trust stated: "[t]he Lender will
13
     have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the
14
     extent not prohibited by applicable law"); *Joseph v. Wachovia Mortg. Corp.*, 11-cv-2395 EJD,
15
     2012 WL 714968, at *1-2 (N.D. Cal. Mar. 5, 2012) (same); *Nguyen*, 2011 WL 9322, at *1-3
16
     (same); *see also Morf v. Mtds, Inc.*, A140010, 2014 WL 5574365, at *2-4 (Cal. Ct. App. Nov. 4,
17
     2014) (analyzing same deed of trust language to find that where the plaintiff filed an action
18
     challenging the foreclosure based on the validity of the substitution of trustee and assignments of
19
     the loan, the prevailing defendant was entitled to attorney's fees).[3]
20
            As applied in the instant case, the Court finds that Defendants are entitled to attorney's
21
     fees.  Plaintiff challenged allegedly unlawful assignments and transfers of the deed of trust.  (SAC
22
     ¶¶ 37-45 (discussing case law concluding that a home loan borrower has standing to challenge
23
     non-judicial foreclosures based on void assignments); 50 ("Defendants cannot establish proper
24
     transfer and/or endorsement of the Deed of Trust"); 53 (alleging that Defendants "procured or
25

26   ───────────────────────

27   [3] "Although unpublished California cases have no precedential value, they may be considered 'as a
     possible reflection of California law.'"  *Valencia v. Volkswagen Grp. of Am. Inc.*, 119 F. Supp. 3d
28   1130, 1140 n.2 (N.D. Cal. 2015) (quoting *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1167 n.6 (9th
     Cir. 2011)).

United States District Court
Northern District of California

offered false or fraudulently prepared documents to fabricate the missing gaps in the chain of title"); 55 (seeking "an order restraining Defendants from enforcing the DOT and/or NOTE until a judicial determination as to which entity has the lawful authority to do so").  As relief, Plaintiff sought to rescind the loan contract, or to cancel or reform the contract.  (SAC Prayer for Relief ¶¶ 6-7.)  Defendants, in turn, were "obligated to defend against Plaintiff's claims in order to preserve its interest in the property," as well as to prevent the rescission of the note and deed of trust.  *Sato v. Wachovia Mortg., FSB*, 11-cv-810-EJD, 2013 WL 61103, at *2 (N.D. Cal. Jan. 3, 2013).  In short, Plaintiff's claims directly challenged Defendants' ability to enforce the note and deed of trust, both by claiming that Defendants did not have the authority to enforce the documents and by seeking to rescind the documents entirely.  Therefore, Civil Code § 1717 applies in this case, and Defendants are entitled to recovery of their attorney's fees.

Plaintiff makes four arguments for why Civil Code § 1717 does not apply in the instant case.  First, Plaintiff argues that Civil Code § 1717 requires that a contract must specifically provide that attorney's fees and costs incurred to enforce a contract are awardable to the prevailing party, but that Plaintiff's claims did not seek to enforce the contract.  (Plf.'s Opp'n at 2.)  Plaintiff's argument is frivolous; the fact that Plaintiff did not seek to enforce the contract through the suit is irrelevant to whether the contract itself states that attorney's fees and costs incurred to enforce the contract are awardable.  Moreover, whether attorney's fees and costs are awardable is not dependent on whether Plaintiff attempts to enforce the contract.  In *Thomas v. Wells Fargo Bank, N.A.*, the district court rejected the plaintiff's argument that Civil Code § 1717 did not apply because the plaintiff did not allege a breach of contract claim.  No. C 13-2065 JSW, 2014 WL 1245034, at *4 (N.D. Cal. Mar. 25, 2014).  In rejecting this argument, the district court explained that "[c]ourts have routinely held that Section 1717 authorizes the recovery of attorneys' fees where, as here, the plaintiff's claims directly relate to a contracting party's attempts to enforce a contract."  *Id.*  Similarly, while Plaintiff in the instant case did not seek to enforce the contract through her claims, her claims directly impacted Defendants' ability to enforce the contract.

Second, Plaintiff contends that Civil Code § 1717 applies only to signatories of the contract, and that Defendants are not signatories to the deed of trust and note.  (Plf.'s Opp'n at 2-4.)

United States District Court
Northern District of California

1   Plaintiff relies on *Cargill, Inc. v. Souza*, which stated that "[a]s a general rule, [Civil Code § 1717]

2   attorney fees are awarded only when the lawsuit is between signatories to the contract."  201 Cal.

3   App. 4th 962, 966 (2011).[4]  The Court of Appeal, however, went on to explain that "[t]wo

4   situations may entitle a nonsignatory party to attorney fees.  First is where the nonsignatory party

5   stands in the shoes of a party to the contract."  *Id.*  "Section 1717 is to be interpreted to provide a

6   reciprocal remedy for a nonsignatory defendant, sued on a contract as if he were a party to it, when

7   the plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the

8   contractual obligation against the defendant."  *Bonner v. Redwood Mortg. Corp.*, No. C 10-479

9   WHA, 2010 WL 2528692, at *3 (N.D. Cal. Sept. 23, 2013) (awarding attorney's fees in

10  foreclosure case).  The original lender in this case was Washington Mutual Bank.  (SAC, Exh. A

11  at 1.)  In 2010, JPMorgan Chase, acting as the successor in interest to Washington Mutual,

12  transferred all beneficial interest under the deed of trust to Bank of America.  (SAC, Exh. B at 1.)

13  Defendant U.S. Bank then became the successor in interest to Bank of America, possessing the

14  beneficial interest in the Note.  (SAC ¶ 5.)  Defendant SPS, in turn, is the loan servicer on behalf

15  of Defendant U.S. Bank.  (SAC ¶ 4.)  In short, Defendants were sued as if they were parties to the

16  loan contracts, with Plaintiff seeking the remedy of rescinding or reforming those loan contracts.

17  Thus, Defendants "stand in the shoes" of a party to the contract, even if Defendants did not

18  themselves sign the loan documents, and may recover attorney's fees per Civil Code § 1717.

19         Third, Plaintiff argues that Defendants are not prevailing parties because Plaintiff has filed

20  an appeal.  (Plf.'s Opp'n at 4.)  Plaintiff suggests that because of the appeal, Plaintiff's claims are

21  still pending and there is no prevailing party.  (*Id.*)  Plaintiff cites no authority for this proposition.

22         In *Yenidunya Investments, Ltd. v. Magnum Seeds, Inc.*, the district court applied California

23  Code of Civil Procedure § 1032 to determine whether the defendant was a prevailing party per

24  Civil Code § 1717.  No. CIV 11-1787 WBS, 2012 WL 538263, at *2 (E.D. Cal. Feb. 17, 2012).

25  Code of Civil Procedure § 1032 defines a "prevailing party" as "the party with a net monetary

26

27  [4] Plaintiff also cites to *Campbell v. Scripps Bank*, which is distinguishable as it concerns whether
    an indemnity clause can be considered an attorney's fee clause enforceable under Civil Code
28  section 1717.  78 Cal. App. 4th 1328, 1336-37 (2000).  Plaintiff does not argue that the relevant
    parts of the deed of trust and note are indemnification clauses, nor could she.

recovery, **a defendant in whose favor a dismissal is entered**, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. . . ."  (emphasis added.)  Applying that definition, the *Yenidunya* court found that the defendant was the prevailing party because the plaintiff's case had been dismissed on statute of limitations grounds, and judgment was entered in the defendant's favor, even though the plaintiff had filed a notice of appeal of the district court's decision.  Although the plaintiff asked the district court to stay a decision on the motion for attorney's fees, the district court declined, explaining that "[d]istrict courts 'retain[] the power to award attorneys' fees after the notice of appeal from the decision on the merits has been filed.'  This 'prevents postponement of fee consideration until after the circuit court mandate, when the relevant circumstances will no longer be fresh in the mind of the district court judge.'"  *Id.* at *5 (quoting *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983)) (internal modifications omitted).

Here, the Court granted Defendants' motion to dismiss with prejudice, and entered judgment in favor of Defendants on September 26, 2016.  (Dkt. No. 87.)  Plaintiff's appeal does not change that Defendants are, as defined by Code of Civil Procedure § 1032, the prevailing party as they are defendants in whose favor a dismissal was entered.

Plaintiff also argues that the prevailing party determination must be based on the result of the litigated contract claims, not the non-contract claims.  (Plf.'s Opp'n at 4.)  Plaintiff does not, however, explain why Defendants would not be the prevailing party under such a determination.  As discussed above, Defendants prevailed in full in this action, which challenged Defendants' ability to foreclose on the property and enforce the loan documents.  Moreover, Plaintiff's claims were intertwined with the note and deed of trust, as they concerned either Defendants' ability to enforce the loan documents or actions related directly to the servicing of the loan.  Based on these claims, Plaintiff sought an injunction to prevent foreclosure, to rescind the loan contracts, and to cancel or reform the loan contracts, "without tethering these contract-related remedies to a particular claim." *Nguyen*, 2011 WL 9322 at *3; *see also* SAC Prayer for Relief ¶¶ 6-7; First Amended Compl. ("FAC") Prayer for Relief ¶¶ 8, 10, Dkt. No. 45 (seeking injunction to prevent

selling the property and voiding the loan transaction); Compl. Prayer for Relief ¶¶ 2-3, Dkt. No. 1

(same).  Thus, "[a]ll of Plaintiff's claims are inextricably intertwined with the contract claims and

fees need not be apportioned claim by claim."  *Id.*; *see also Becker v. Wells Fargo Bank, NA, Inc.*,

No. 10-cv-2799-TLN-KJN-PS, 2014 WL 7409447, at *5 (E.D. Cal. Dec. 30, 2014) (declining to

apportion attorney's fees claim by claim because "all of plaintiff's claims relate either to

defendant's servicing of the three loans or to defendant's attempts to non-judicially foreclose on

those loans.  Thus, plaintiff's causes of actions are intertwined with the contracts at issue such that

they could not be separated out and defendant mounted its defense of this case in order to protect

its interest in the properties at issue").

       Finally, Plaintiff suggests that an award of attorney's fees will violate the one action rule

because it will give Defendants a separate right to collect.  (Plf.'s Opp'n at 5.)  Under California

Code of Civil Procedure § 726, "[t]here can be but one form of action for the recovery of any debt

or the enforcement of any right secured by mortgage upon real property . . . ."  In *Passanisi v.*

*Merit-McBride Realtors, Inc.*, the Court of Appeal found that the one form of action rule did not

apply to prevent a recovery of attorney's fees for defending an action because:

> [b]y its terms section 726 applies only where the creditor-
> beneficiary has brought an action against the debtor-trustor to
> recover a debt or to enforce some right secured by a deed of trust.  It
> does not apply in other situations.  First, it was the plaintiffs, the
> debtor-trustors, who brought the action and not the creditor-
> beneficiary.  Second, the action was not for the recovery of any debt
> or the enforcement of any right secured by the deed of trust upon
> real property within the meaning of the statute.  The action was
> instead to enjoin the exercise of power of sale in the deed of trust.
> [The defendant] merely defended against an action to enjoin the
> nonjudicial sale of the property.  Finally, the subsequent nonjudicial
> sale did not violate the proscription of the one form of action rule.
> Exercise of a power of sale in a deed of trust or mortgage is not an
> action and does not violate C.C.P. 726.  In short, [the defendant] was
> entitled under the terms of the trust deed to attorney's fees incurred
> in defending the injunction action brought by the plaintiffs.

190 Cal. App. 3d 1496, 1506-07 (1987) (internal quotations omitted).  Like *Passanisi*, here the

action was not brought by the creditor-beneficiary but by the *debtor-trustor*, in an attempt to

enjoin Defendants from foreclosing on the property.  Thus, Code of Civil Procedure § 726's one

action rule does not apply to prevent Defendants from recovering their attorney's fees.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Accordingly, the Court concludes that Defendants are entitled to attorney's fees as the

2   prevailing party in this action.

3         **ii.   Amount of Attorney's Fees Award**

4   Defendants seek $39,231.00 in attorney's fees.  As discussed above, both the note and the

5   deed of trust provide for the recovery of reasonable attorney's fees, and the Court has concluded

6   that Defendants are entitled to recover as the prevailing party.

7   When calculating reasonable attorney's fees, the Court must consider both the

8   reasonableness of the hourly billing rate and the number of hours required.  *See Larfage Conseils*

9   *Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1341-42 (9th Cir. 1986)

10  (internal citations omitted).

11        1.   Reasonableness of the Hourly Billing Rate

12  To determine the appropriate lodestar amount, the reasonableness of the hourly billing rate

13  must be assessed.  *Credit Managers Ass'n of S. Cal.*, 25 F.3d at 750.  In doing so, the court must

14  look to the prevailing market rates in the relevant community for similar work by attorneys of

15  comparable skill, experience, and reputation.  *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973,

16  979 (9th Cir. 2008).  Generally, the relevant community is the forum where the district court sits.

17  *Id.*

18  Here, Defendants claim an hourly rate of $300.00 for work performed by associate

19  attorney Lindsey E. Kress, a discount from her standard hourly rate of $375.00.  (Kress Decl. ¶¶ 2,

20  5.)  Ms. Kress graduated from law school in 2011, and has been with Locke Lord since 2014,

21  where she has represented mortgage servicers and lenders.  (*Id.* ¶ 2.)  Prior to working at Locke

22  Lorde, Ms. Kress worked at a firm that specialized in mortgage-related litigation.  (*Id.*)

23  Defendants also claim an hourly rate of $450.00 for work performed by partner Regina

24  McClendon, a discount from her standard hourly rate of $780.00.  (*Id.* ¶¶ 3, 5.)  Ms. McClendon

25  graduated from law school in 1996, and has significant experience in civil litigation, including

26  mortgage cases and class actions.  (*Id.* ¶ 3)  Finally, Defendants claim an hourly rate of $180.00

27  for paralegal work performed by Mr. Len Shaffer.  (*Id.* ¶ 4.)  Mr. Shaffer has over 25 years of

28  experience as a legal secretary, and has worked as a paralegal at Locke Lord for over two years.

(Supp. Kress Decl. ¶ 2, Dkt. No. 111.)

Plaintiff fails to make any meaningful objection, and in fact fails to even acknowledge the lowered rates that are being charged by Defendants' attorneys in this case, focusing solely on Ms. Kress's and Ms. McClendon's standard hourly rates of $375 and $780 respectively. (Plf.'s Opp'n at 6.) Plaintiff provides no explanation for why any of the rates charged are not reasonable. By contrast, other courts in this district have in recent years awarded similar hourly rates in foreclosure cases. *Compare with Gens v. Colonial Sav. F.A.*, 11-cv-5526-RMW, 2015 WL 1737550, at *3 (N.D. Cal. Apr. 10, 2015) (finding hourly rates of $350 for an attorney with 7 years of experience and $495 for an attorney with 19 years of experience to be reasonable); *see also Gens*, 11-cv-5526-RMW, Dkt. No. 173 at 9-10; *Makreas v. First Nat'l Bank of N. Cal.*, Case No. 11-cv-2234-JST, 2014 WL 2582027, at *6 (N.D. Cal. June 9, 2014) (finding hourly rates between $180 and $425 to be reasonable). Thus, given counsel's experience, in particular Ms. Kress's specialization in mortgage-related cases, the Court finds that the attorney hourly rates of $300 and $450 are reasonable.

The Court, however, finds that the hourly rate of $180.00 for paralegal work is not reasonable. In its review of numerous attorney's fees decisions in foreclosure cases,[5] the Court has not found an hourly rate of $180 for paralegal work. *Mitchell*, 2014 WL 1320295, at 4 (finding hourly rate of $160 for a paralegal with 9 years of experience to be reasonable); *Christiansen v. Wells Fargo Bank NA*, No. C-12-2526-DMR, 2013 WL 1832644, at *4 (N.D. Cal. May 1, 2013) (finding hourly rate of $155 for paralegal with 15 years of experience to be reasonable). Instead, given that Mr. Shaffer has two years of experience as a paralegal, the Court finds that an hourly rate of $130 for paralegal work to be appropriate. *See Christiansen*, 2013 WL 1832644, at *4

---

[5] Defendants cite cases that have awarded paralegal rates between $175 and $430, but none of those cases involved a foreclosure dispute. (Supp. Kress Decl. ¶ 2.) Instead, each of those cases concerned complex litigation. *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446 (9th Cir. 2010) (Section 1983 case involving constitutional violations); *Bd. of Trustees v. Piedmont Lumber & Mill Co.*, Case No. 13-cv-3898, 2016 WL 4446993 (N.D. Cal. Aug. 24, 2016) (ERISA case); *Gurasich v. IBM Ret. Plan*, No. 14-cv-2911-DMR, 2016 WL 3683044 (N.D. Cal. July 12, 2016) (ERISA case); *In re Celera Corp. Sec. Litig.*, No. 10-cv-2604-EJD, 2015 WL 7351449 (N.D. Cal. Nov. 20, 2015) (securities law case); *Gutierrez v. Wells Fargo Bank, N.A.*, No. C 07-5923 WHA, 2015 WL 2438274 (N.D. Cal. May 21, 2015) (class action case).

United States District Court
Northern District of California

(awarding hourly rate of $140 for paralegal with 6 years of experience); *Sepephry-Fard v. Select Portfolio Servicing, Inc.*, Case No. 14-cv-5142-LHK, 2016 WL 4762273, at *2 (N.D. Cal. Sept. 13, 2016) (awarding hourly rate of $130 for paralegals).

### 2.   Reasonableness of the Hours Billed

In order to assess whether the number of hours billed is reasonable, Defendants must submit detailed records justifying the hours that have been expended.  *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir. 1986).  The court may reduce the hours through its discretion "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary."  *Id.*

In the instant fee motion, Defendants are seeking reimbursement of 95.8 hours by Attorney Kress, 5.5 hours by Attorney McClendon, and 6.6 hours by Paralegal Shaffer for work conducted up to (but not including) September 2016.  (Kress Decl., Exh. A.)  Defendants also seek reimbursement of 8.9 hours by Attorney Kress in September 2016, and 12.1 hours spent working on the instant motion for attorney's fees and reply.  (Kress Decl. ¶¶ 7(a)-(b); *see also* Supp. Kress Decl. ¶ 3.)

Plaintiff again provides no meaningful objection to the hours charged, stating only that there is no description of the work performed or how long it took to perform individual tasks. (Plf.'s Opp'n at 6.)  Plaintiff's argument completely ignores the Kress Declaration, which has attached the monthly billing statements that include the breakdown Plaintiff complains was not provided.  (*See* Kress Decl., Exh. A.)  Having reviewed these monthly billing statements, as well as the docket, the Court finds that the hours billed are reasonable.  The time spent does not appear to be unnecessary, duplicative, or excessive.  Furthermore, in this case, Defendants have fully briefed three motions to dismiss, defended against a motion for a temporary restraining order, and fully briefed the instant motion for attorney's fees.  (Dkt. Nos. 15, 47, 58, 75, 88.)  Four hearings were held on these various motions.  (Dkt. Nos. 42, 62, 64, 86.)  Given the history of this case, the hours expended by Defendants is reasonable, particularly in light of Plaintiff's failure to object to any of the hours spent.  *Compare with Mitchell*, 2014 WL 1320295, at *4 (finding 37.4 hours billed in connection with one motion to dismiss to be reasonable); *Sami v. Wells Fargo Bank*, No.

United States District Court
Northern District of California

1    C 12-108 DMR, 2012 WL 3204194, at *6-7 (N.D. Cal. Aug. 3, 2012) (finding 80 hours spent on

2    litigating a case through judgment that required litigating two motions to be reasonable).

3                                        **IV.    CONCLUSION**

4            For the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART

5    Defendants' motion for attorney's fees as the prevailing party in the amount of $38,373.00, as

6    shown below:

|  | Hours | Hourly Rate | Total: |
|---|---|---|---|
| McClendon (Partner) | 5.5 | $450 | $2,475.00 |
| Kress (Associate) | 116.8 | $300 | $35,040.00 |
| Shaffer (Paralegal) | 6.6 | $130 | $858.00 |
|  |  |  | **$38,373.00** |

12            IT IS SO ORDERED.

13    Dated: November 30, 2016

                                           _____

                                           KANDIS A. WESTMORE
                                           United States Magistrate Judge

United States District Court
Northern District of California