UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY JULIET NG,<br>          Plaintiff,<br><br>    v.<br><br>US BANK, NA, et al.,<br>          Defendants. | Case No. 15-cv-04998-KAW<br><br>**ORDER GRANTING MOTION TO EXPUNGE NOTICE OF PENDENCY OF ACTION**<br><br>Re: Dkt. No. 91 |

Plaintiff Mary Ng filed this suit against Defendants U.S. Bank, NA, Select Portfolio Servicing Inc. ("SPS"), and Quality Loan Service Corporation ("QLS"), alleging that Defendants violated various state and federal laws in transferring a deed of trust on Plaintiff's home and initiating foreclosure proceedings. Three motions to dismiss were filed in the case, as well as a motion for a temporary restraining order. (Dkt. Nos. 15, 47, 58, 75, 88.) On September 26, 2016, the Court granted Defendants' motion to dismiss Plaintiff's Second Amended Complaint in full and without leave to amend, and entered judgment accordingly. (Dkt. Nos. 86, 87.)

On October 18, 2016, Defendants U.S. Bank and SPS filed a motion to expunge a notice of pendency on action, which was recorded by Plaintiff on August 1, 2016. (Defs.' Mot., Dkt. No. 91.) The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b) and VACATES the hearing currently set for December 1, 2016. Having considered the papers filed by the parties and the relevant legal authority, the Court GRANTS the motion to expunge, for the reasons set forth below.

## I. BACKGROUND

Plaintiff and her husband[1] filed the instant suit on October 30, 2015, alleging wrongful foreclosure, violation of the Truth in Lending Act ("TILA"), violation of the Fair Debt Collection Practices Act ("FDCPA"), fraudulent concealment, and violation of the UCL. (Dkt. No. 1.) After fully litigating two motions to dismiss, Plaintiff filed a Second Amended Complaint on June 29, 2016, alleging violations of the Real Estate Settlement Procedures Act ("RESPA") and California's Unfair Competition Law ("UCL"). (Second Amended Compl. ("SAC"), Dkt. No. 73.) Plaintiff's RESPA claim was based on a Qualified Written Report ("QWR") that she submitted on October 23, 2015, requesting information about the amount owed on the identified loan and raising "a serious concern regarding the actual ownership and servicing of the loan and the underlying security interest . . . ." (SAC, Exh. H ("QWR") at 1.) The QWR made 43 requests for information, including the original Promissory Note, all past and present owners/beneficiaries or partial owners/beneficiaries, the present lender of the loan, all payments that went to each owner of the Promissory Note, the original Deed of Trust, all past and present owners or beneficiaries of the Deed of Trust, and all assignments and transfers related to the Deed of Trust and/or Promissory Note. (*Id.* at 1-4.) Plaintiff's UCL claim, in turn, was based on: (1) Defendants' alleged failure to notify Plaintiff within thirty days of the alleged transfer of the deed of trust, in violation of TILA; and (2) the allegedly unlawful assignments and transfers of the deed of trust. (SAC ¶¶ 35-45, 50, 53, 55.)

On July 18, 2016, Defendants filed a motion to dismiss the Second Amended Complaint. (Dkt. No. 75.) On September 26, 2016, the Court granted Defendants' motion to dismiss with prejudice, and entered judgment in favor of Defendants. (Dkt. Nos. 86, 87.)

On August 1, 2016, prior to the Court granting Defendants' motion to dismiss, Plaintiff recorded a notice of pendency of action ("lis pendens"). (*See* Kress Decl., Dkt. No. 92, Exh. A.) Plaintiff did not file the lis pendens with the Court, and did not serve the lis pendens or notice thereof on Defendants until September 27, 2016. (Kress Decl. ¶ 6.)

---

[1] On January 5, 2016, Plaintiff's husband filed a notice of voluntary dismissal and dismissed the case on his behalf. (Dkt. Nos. 17, 18.)

2

On October 10, 2016, Defendants requested that Plaintiff withdraw the lis pendens to avoid having to file a motion to expunge. (Kress Decl. ¶ 7.) Defendants followed up two days later. (Kress Decl. ¶ 8, Exh. B.) On October 14, 2016, Plaintiff's counsel stated that Plaintiff would withdraw the lis pendens by November 4, 2016, two days after the foreclosure sale was scheduled. (Kress Decl. ¶ 9.) Defendants requested that Plaintiff withdraw the lis pendens by October 21, an offer that Plaintiff declined. On October 18, 2016, Defendants filed the instant motion seeking to expunge the lis pendens and recover attorney's fees associated with the motion. (Defs.' Mot.)

On October 25, 2016, Plaintiff filed a notice of appeal of the Court's September 26, 2016 order. (Dkt. No. 93.) The following day, Plaintiff amended the notice of appeal to also appeal Judge Grewal's order dismissing Plaintiff's First Amended Complaint. (Dkt. No. 97.)

On October 27, 2016, Plaintiff filed her opposition to Defendants' motion to expunge. (Plf.'s Opp'n, Dkt. No. 102.) On November 8, 2016, Defendants filed their reply brief. (Defs.' Reply, Dkt. No. 105.)

## II.  LEGAL STANDARD

Federal courts look to the law of the state where the property resides in matters concerning lis pendens. *See* 28 U.S.C. § 1964. California law provides that "[a] party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." Cal. Civ. Proc. Code § 405.20. California law also requires that prior to recordation of the lis pendens, the claimant "shall . . . cause a copy of the notice to be mailed, by registered or certified mail, return receipt requested, to all known addresses of the parties to whom the real property claim is adverse and to all owners of record of the real property affected by the real property claim . . . ." Cal. Civ. Proc. Code § 405.22. Following recordation, a copy of the lis pendens must be filed with the court in which the action is pending, and service made immediately upon each adverse party later joined in the action. *Id.* Failure to meet the requirements of Section 405.22 renders any lis pendens void and invalid as to any adverse party or owner of record. Cal. Civ. Proc. Code § 405.23.

In opposition to a motion to expunge, the party who recorded the notice of lis pendens has the burden of proof. Cal. Civ. Proc. Code § 405.30. To meet this burden, the recording party

3

must establish that "the pleading on which the notice is based does . . . contain a real property claim" and establish "by a preponderance of the evidence the probable validity of the real property claim." Cal. Civ. Proc. Code §§ 405.31, 405.32.  A real property claim is one "which would, if meritorious, affect title to, or the right to possession of, specific real property." Cal. Civ. Proc. Code § 405.4.  Probable validity "means that it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." Cal. Civ. Proc. Code § 405.3.  This standard "expressly concerns factual merit." *Kirkeby v. Superior Court of Orange Cnty.*, 33 Cal. 4th 642, 651 (2004).  Moreover, "[t]his standard is more rigorous than the standard for a Rule 12(b)(6) review, which merely evaluates the sufficiency of the pleadings." *Bergman v. Bank of Am., N.A.*, Case No.: C-13-741 JCS, 2013 WL 5863057, at *33 (N.D. Cal. Oct. 23, 2013).

### III.    DISCUSSION

#### A.    Expungement

Defendants make two arguments for why the motion to expunge should be granted.

First, Defendants contend that the lis pendens is void because it was not properly served on Defendants or filed with the Court, as required by California law.  (Defs.' Mot. at 3.)  A lis pendens is void when there is a defect in service or filing.  *Hutson v. Am. Mortg. Servicing, Inc.*, No. C 09-1951 PJH, 2009 W: 335312, at *16 (N.D. Cal. Oct. 16, 2009); *see also St. Matthews Baptist Church of Livermore, Inc. v. Found. Capital Res., Inc.*, Case No. 13-cv-5765-MEJ, 2014 WL 4078239, at *10 (N.D. Cal. Aug. 18, 2014) ("the Court finds that the violations of the notice and service procedures also require that the lis pendens be expunged"); *Rey Sanchez Invs. v. Superior Court*, 244 Cal. App. 4th 259, 263 (2016) (finding lis pendens void because there was no proof of service recorded with the lis pendens and the recording party did not comply with Section 405.22).

Here, Plaintiff does not dispute that she failed to comply with the service or filing requirements of Section 405.22.  Plaintiff did not give Defendants notice of the lis pendens prior to recording it on August 1, 2016, instead giving notice only on September 27, 2016, the day after the Court dismissed Plaintiff's Second Amended Complaint with prejudice.  (Kress Decl. ¶ 6.)  Plaintiff has also failed to file a copy of the notice with the Court.  Thus, the lis pendens is void

4

and expungement is warranted.

Plaintiff argues that she is not required to comply with California law because "the case in hand is not governed by the California Code of Civil Procedure, but rather, by the Federal Rules of Civil Procedure." (Plf.'s Opp'n at 3.) Plaintiff cites no authority in support of this argument. Again, federal courts look to the law of the state where the property resides in matters concerning lis pendens. *See* 28 U.S.C. § 1964 ("Where the law of a State requires a notice of an action concerning real property pending in a court of the State to be registered, recorded, docketed, or indexed in a particular manner . . . those requirements of the State law *must be complied with* in order to give constructive notice of such an action pending in a United States district court as it relates to real property in such State") (emphasis added); *see also Yu v. America's Wholesale Lender*, Case No. 16-cv-1545-JSC, 2016 WL 4698911, at *5 ("California law governs matters relating to notices of pending action, or *lis pendens*"); *Sharp v. Nationstare Mortg. LLC*, Case No. 14-CV-831-LHK, 2016 WL 6696134, at *4 (N.D. Cal. Nov. 15, 2016) ("Federal courts look to the law of the state where the property resides in matters concerning lis pendens") (internal quotation omitted); *Pistone v. Countrywide Home Loans, Inc.*, No. C 14-4581 WHA, 2015 WL 3424912, at *1 (N.D. Cal. May 27, 2015) (same); *Kum Tat Ltd. v. Linden Ox Pasture, LLC*, Case No. 14-cv-2857-WHO, 2014 WL 4652355, at *3 (N.D. Cal. Sept. 18, 2014) (same); *Cerezo v. Wells Fargo Bank*, Case No.: 13-1540 PSG, 2013 WL 4113515, at *1 (N.D. Cal. Aug. 9, 2013) (same). In short, Plaintiff is required to comply with the notice requirements of California law. Plaintiff did not. Thus, the lis pendens is void as a matter of law.

Second, even if the lis pendens was not void on its face, Defendants argue that the lis pendens should be expunged because Plaintiff cannot establish that this case contains a real property claim that has probable validity, especially in light of the Court's dismissal of Plaintiff's claims with prejudice. (Defs.' Mot. at 4.) Plaintiff responds that her RESPA claim under 12 U.S.C. § 2605 is a real property claim, and that the RESPA claim survives despite the Court's dismissal due to her pending appeal.[2] (Plf.'s Opp'n at 4.)

---

[2] Plaintiff does not argue that her UCL claim is a real property claim. (*See* Plf.'s Opp'n at 4-6.)

As an initial matter, Plaintiff's RESPA claim is not a real property claim. Several courts have found that a RESPA claim under 12 U.S.C. § 2605 is limited in its remedy to damages, and therefore does not affect an interest in property and cannot form a basis for a notice of lis pendens. *See Frison v. WMC Mortg. Corp.*, Case No. 09cv1733-LAB (NLS), 2010 WL 3894980, at *3 (S.D. Cal. Sept. 30, 2010) ("Plaintiff has raised a RESPA claim only under § 2605, and rescission is unavailable under this section. The RESPA claim therefore doesn't affect an interest in property and can't form the basis for a notice of *lis pendens*"); *Ahmadyar v. First Horizon Home Loans*, 09-cv-2063-GEB-EFB, 2010 U.S. Dist. LEXIS 28272, at *30 (E.D. Cal. Mar. 25, 2010) (finding that RESPA claim based on failure to respond to QWR "does not affect title or the right to possession of Plaintiffs' property, and therefore, is not a 'real property claim'" that could support a lis pendens); *Sanchez v. Greenpoint Mortgage Funding, Inc.*, No. 09 CV 2005 JM (WMC), 2010 WL 1880280, at *3 (S.D. Cal. May 10, 2010) (finding that the plaintiff's RESPA claim under § 2605 "will not affect title or possession of the subject property. As all other claims are dismissed, Plaintiff can have no basis for maintaining the lis pendens"). While Plaintiff here argues that she asked for correspondence relating to actual ownership and servicing of her loan, which Defendants then failed to give, the failure to provide such information under RESPA does not affect ownership or any property interest.

Even if Plaintiff's RESPA claim was a real property claim, the Court finds that Plaintiff has not satisfied her burden of showing by a preponderance of the evidence the probable validity of the real property claim. Again, probable validity is a more rigorous standard than the standard for a Rule 12(b)(6) claim. *Bergman*, 2013 WL 5863057, at *33. The Court has already dismissed Plaintiff's RESPA claim with prejudice, finding Plaintiff failed to allege a pecuniary harm caused by the inadequate response. (Dkt. No. 86 at 10-11.) Plaintiff provides no reason why she would be able to satisfy the probable validity standard when she was unable to satisfy the 12(b)(6) standard. Indeed, Plaintiff does not discuss the pecuniary harm issue in her opposition, despite having the burden of proof on this issue.

Moreover, a significant part of Plaintiff's argument regarding the probable validity of her RESPA claim is misplaced. For example, her focus on Defendants' alleged failure to provide a

response regarding accurate ownership interest lacks merit, as requests unrelated to the servicing of the account are not appropriate in a QWR. *See Petrovich v. Ocwen Loan Servicing, LLC*, Case No. 15-cv-33-EMC, 2016 WL 555959, at *8 (N.D. Cal. Feb. 12, 2016) ("A QWR must seek information relating to the *servicing* of the loan," whereas "a request for loan origination information is not a QWR"); *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 667 (9th Cir. 2012) ("letters challenging only a loan's validity or its terms are not qualified written requests that give rise to a duty to respond under § 2605(e)"). Similarly, Plaintiff dedicates an entire page to arguing that Defendants did not give Plaintiff a timely response to the QWR, despite having filed a stipulation voluntarily withdrawing her allegations regarding the untimely response. (Dkt. No. 74 (stipulation withdrawing allegations in paragraphs 25, 49(f), and 49(g) of her Second Amended Complaint, which contained the allegations that Defendants did not provide a timely response to the QWR).) Plaintiff cannot base her lis pendens on a claim that is no longer part of her complaint.

Finally, the Court rejects Plaintiff's contention that the lis pendens can be maintained based solely on her appeal to the Ninth Circuit. (*See* Plf.'s Opp'n at 6.) "California law provides that on a motion to expunge a lis pendens after judgment against the claimant and while an appeal is pending, the trial court must grant the motion unless it finds it more likely than not that the appellate court will reverse the judgment." *St. Matthews Baptist Church*, 2014 WL 4078239, at *10 (internal quotation omitted). Otherwise, "'[i]t would completely circumvent the Legislator's intent in enacting section 405.32, if merely filing an appeal, no matter how meritless, would automatically keep the lis pendens in place.'" *Id.* (quoting *Mix v. Superior Court*, 124 Cal. App. 4th 987, 997 n.8) (internal modifications omitted). As discussed above, Plaintiff ignores the pecuniary harm issue, focuses on information requests that are not appropriate in a QWR, and relies on an untimely response claim that she has already withdrawn from the Second Amended Complaint. As such, there is no basis for finding that it is more likely than not that the Ninth Circuit will reverse the Court's judgment in this case.

Accordingly, the Court finds that the lis pendens must be expunged because Plaintiff has failed to satisfy the notice requirements of Section 405.22, failed to show that the RESPA claim is

a real property claim, and failed to show the probable validity of her RESPA claim. Plaintiff has also failed to show that it is more likely than not that the Ninth Circuit will reverse the Court's order dismissing her Second Amended Complaint with prejudice. The Court therefore GRANTS Defendants' motion to expunge.

### B. Attorney's Fees

Defendants seek their attorney's fees and costs incurred in making this motion to expunge. California Code of Civil Procedure § 405.38 states: "The Court **shall** direct that the party prevailing on any motion under this chapter be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." (Emphasis added.) Defendants argue that Plaintiff had no good faith basis in fact or law to record the lis pendens, and has been engaged in gamesmanship over the past six years, as demonstrated by the instant litigation and multiple bankruptcy filings. (Defs.' Opp'n at 5.) Plaintiff in turn argues that there was substantial justification to record the lis pendens because Defendants violated their duties and responsibilities under RESPA. (Plf.'s Opp'n at 6-7.)

The Court finds that attorney's fees are warranted in this case. As discussed above, Plaintiff did not satisfy the requirements of Section 405.22, failing to serve notice of the lis pendens until September 27, 2016, nearly two months after Plaintiff recorded the lis pendens and the day after the Court granted Defendants' motion to dismiss with prejudice. Plaintiff lacked any legal justification for believing that she was not required to comply with the California Code of Civil Procedure's requirements for recording a lis pendens. Plaintiff has also not shown that her RESPA claim is a real property claim or that it has probable validity. Moreover, attorney's fees are especially merited in this case because Defendants gave Plaintiff several opportunities to voluntarily withdraw the lis pendens, and avoid unnecessary motion practice. Plaintiff refused, despite the fact that this action had already been dismissed with prejudice, instead stating that she would only withdraw the lis pendens after the foreclosure sale took place.[3] In short, Plaintiff's

---

[3] Based on the record before the Court, there is no indication that Plaintiff has withdrawn the lis pendens. (*See* Defs.' Reply at 6 ("Plaintiff did *not* withdraw the Lis Pendens by November 4").)

1 actions forced Defendants to incur the expense of filing the instant motion, despite lacking any
2 justification. Defendants are therefore entitled to attorney's fees.
3     Defendants seek 8.6 hours in attorney's fees, comprised of 4.5 hours to prepare the motion
4 and 4.1 hours to review Plaintiff's opposition and prepare the reply brief. (Kress Decl. ¶ 4; Supp.
5 Kress Decl. ¶ 2, Dkt. No. 112.) The Court finds that this time is reasonable, and has already found
6 that Ms. Kress's hourly rate of $300 is reasonable. (*See* Dkt. No. 115 at 12-13.) Defendant is
7 awarded $2,580.00 in attorney's fees.

### IV.   CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' motion to expunge the lis pendens, and awards Defendants attorney's fees in the amount of $2,580.00.

IT IS SO ORDERED.

Dated: December 8, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge