UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY JULIET NG,<br><br>   Plaintiff,<br><br>  v.<br><br>US BANK, NA, et al.,<br><br>   Defendants. | Case No. 15-cv-04998-KAW<br><br>**ORDER GRANTING MOTION TO EXPUNGE NOTICE OF PENDENCY OF ACTION**<br><br>Re: Dkt. No. 119 |

## I. INTRODUCTION

Plaintiff Mary Ng filed the instant suit against Defendants U.S. Bank, NA, Select Portfolio Servicing Inc. ("SPS"), and Quality Loan Service Corporation ("QLS"), alleging that Defendants violated various state and federal laws in transferring a deed of trust on Plaintiff's home and initiating foreclosure proceedings. Three motions to dismiss were filed in the case, as well as a motion for a temporary restraining order. (Dkt. Nos. 15, 47, 58, 75, 88.) On September 26, 2016, the Court granted Defendants' motion to dismiss Plaintiff's Second Amended Complaint in full and without leave to amend, and entered judgment accordingly. (Dkt. Nos. 86, 87.)

On January 24, 2017, Defendants U.S. Bank and SPS filed a motion to expunge a lis pendens, which was recorded by Plaintiff on September 20, 2016. (Defs. Mot., Dkt. No. 119; *see also* Kress Decl., Exh. A, Dkt. No. 119-1.) This is the second motion to expunge filed in this action; Defendants previously filed a motion to expunge the lis pendens recorded by Plaintiff on August 1, 2016, which the Court granted on December 8, 2016. (Ord. at 1, Dkt. No. 116.) As with the prior motion, the Court deemed the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b) and vacated the hearing that was set for March 2, 2017. (Dkt. No. 122.) Having considered the papers filed by the parties and the relevant legal authority, the

Court GRANTS the motion to expunge for the following reasons.

## II.     DISCUSSION

### A.     Untimely Filing of Opposition

As an initial matter, the Court strikes Plaintiff's opposition as untimely filed. Civil Local Rule No. 7-3(a) requires that "[t]he opposition must be filed and served not more than 14 days after the motion was filed." Here, Plaintiff's opposition was due by February 7, 2017, but Plaintiff did not file an opposition until February 17, 2017. (*See* Plf.'s Opp'n, Dkt. No. 120.) Plaintiff provides no reason for her lack of diligence, and the Court cannot conceive of any justification when the majority of her opposition is copied and pasted from her opposition to the first motion to expunge.[1] (*Compare* Plf.'s Opp'n at 3-6 *with* Dkt. No. 102 at 2-3, 6.) The remainder of the opposition repeats arguments made in Plaintiff's opposition to the motion for attorney's fees. (*See* Dkt. No. 101 at 3-5.)

The Court might be inclined to overlook the late filing if not for the fact that this is the third motion Plaintiff has failed to timely oppose.[2] Moreover, the Court previously cautioned Plaintiff about her untimely filings. After Plaintiff failed to timely oppose Defendants' motion for attorney's fees, the Court issued an order to show cause, requiring Plaintiff's counsel to explain her failure to timely oppose. (Dkt. No. 95.) Plaintiff's counsel explained that she failed to correctly calendar the opposition deadline, relying on "the Central District Court's deadlines and procedures." (Dkt. No. 100 ¶ 5.) In discharging the order to show cause, the Court warned Plaintiff's counsel "that she must comply with the Northern District of California's Local Rules." (Dkt. No. 103 at 1.) Thus, Plaintiff's counsel was on notice of her obligation to comply with this district's local rules, but once again failed to do so. The Court therefore strikes Plaintiff's

---

[1] Plaintiff failed to change the date of the lis pendens being challenged; the opposition brief still refers to the lis pendens recorded on August 1, 2016, even though the instant motion concerns the lis pendens that was recorded on September 20, 2016. (*See* Plf.'s Opp'n at 5.)

[2] Plaintiff's opposition to Defendants' motion to dismiss the second amended complaint was due on August 1, 2016, but Plaintiff did not file an opposition until August 12, 2016. (*See* Dkt. Nos. 75, 78.) Likewise, Plaintiff's opposition to Defendants' motion for attorney's fees was due on October 24, 2016, but Plaintiff did not file an opposition until October 27, 2016, after the Court issued an order to show cause. (*See* Dkt. Nos. 88, 95, 101.)

2

opposition as untimely filed.

The Court's standing order states: "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion *shall* constitute consent to the granting of the motion." (Westmore Standing Ord. ¶ 22 (emphasis added).) "[N]ot filing an opposition until [ten] days after it is due is a failure to file within the meaning of Standing Order [Paragraph 22]." *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C 07-1719-SBA, 2008 U.S. Dist. LEXIS 5394, at *8 (N.D. Cal. Jan. 14, 2008); *see also Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C 07-1719-SBA, 2007 WL 1655792, at *4 (N.D. Cal. June 7, 2007) (striking opposition that was not timely filed where the plaintiff did not request leave to file after the date required by the local rules and offered no explanation for its untimely filing, and granting the motion to dismiss based on the failure to oppose). Thus, the Court GRANTS Defendants' motion as unopposed.

### B. Merits

In the alternative, the Court GRANTS Defendants' motion on the merits. First, as with the August 1, 2016 lis pendens, Plaintiff did not comply with the service and filing requirements of California Code of Civil Procedure 405.22. Section 405.22 requires that prior to recordation of the lis pendens, the claimant "shall . . . cause a copy of the notice to be mailed, by registered or certified mail, return receipt requested, to all known addresses of the parties to whom the real property claim is adverse and to all owners of record of the real property affected by the real property claim . . . ." Following recordation, a copy of the lis pendens must be field with the court in which the action is pending, and service made immediately upon each adverse party later joined in the action. Cal. Civ. Proc. Code § 405.22. Failure to meet the requirements of Section 405.22 renders the lis pendens void and invalid as to any adverse party or owner of record. Cal. Civ. Proc. Code § 405.23.

Here, Plaintiff again did not mail Defendants a copy of the lis pendens via registered or certified mail prior to recording it on September 20, 2016. Instead, Plaintiff sent the lis pendens

1    by regular mail to a random U.S. Bank branch.[3] (*See* Kress Decl., Exh. A.) Plaintiff also failed to

2    serve a recorded copy on Defendants or file a copy with the Court immediately upon recordation.

3    (*See* Kress Decl. ¶ 6.) Thus, the lis pendens is void and must be expunged. (*See* Ord. at 4-5.)

4          In opposition, Plaintiff repeats the same argument that she is not required to comply with

5    California law because "the case in hand is not governed by the California Code of Civil

6    Procedure, but rather by the Federal Rules of Civil Procedure." (Plf.'s Opp'n at 4.) For the same

7    reasons stated in the Court's December 8, 2016 order, the Court rejects this argument as lacking

8    legal merit. (*See* Ord. at 5 (citing *Yu v. America's Wholesale Lender*, Case No. 16-cv-1545-JSC,

9    2016 WL 4698911, at *5 ("California law governs matters relating to notices of pending action, or

10   *lis pendens*"); *Sharp v. Nationstare Mortg. LLC*, Case No. 14-CV-831-LHK, 2016 WL 6696134,

11   at *4 (N.D. Cal. Nov. 15, 2016) ("Federal courts look to the law of the state where the property

12   resides in matters concerning lis pendens") (internal quotation omitted); *Pistone v. Countrywide*

13   *Home Loans, Inc.*, No. C 14-4581 WHA, 2015 WL 3424912, at *1 (N.D. Cal. May 27, 2015)

14   (same); *Kum Tat Ltd. v. Linden Ox Pasture, LLC*, Case No. 14-cv-2857-WHO, 2014 WL

15   4652355, at *3 (N.D. Cal. Sept. 18, 2014) (same); *Cerezo v. Wells Fargo Bank*, Case No.: 13-1540

16   PSG, 2013 WL 4113515, at *1 (N.D. Cal. Aug. 9, 2013) (same)).)

17          Second, for the same reasons stated in the Court's December 8, 2016 order, the instant case

18   does not involve a real property claim, nor has Plaintiff shown by a preponderance of the evidence

19   the probable validity of a real property claim. (*See* Ord. at 6.) Notably, Plaintiff does not argue

20   otherwise in her untimely-filed opposition.

21          Third, the Court rejects Plaintiff's contention that the lis pendens can be maintained based

22   solely on her appeal to the Ninth Circuit. (*See* Plf.'s Opp'n at 6.) As discussed in the December 8,

23   2016 order, the Court must still grant a motion to expunge a lis pendens "'unless it finds more

24   likely than not that the appellate court will reverse the judgment.'" (Ord. at 7 (quoting *St.*

---

[3] As Defendants point out, this action may constitute a violation of California Rule of Professional Conduct 2-100(A), which prohibits an attorney from "communicat[ing] directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer." Plaintiff's counsel is well-aware that U.S. Bank is represented in this matter, yet chose to send the lis pendens directly to the party rather than Defendants' counsel.

United States District Court
Northern District of California

*Matthews Baptist Church of Livermore, Inc. v. Found. Capital Res., Inc.*, Case No. 13-cv-5765-MEJ, 2014 WL 4078239, at *10 (N.D. Cal. Aug. 18, 2014).) As Plaintiff still does not address any of the deficiencies the Court found when dismissing Plaintiff's case with prejudice, the Court concludes there is no basis for finding that it is more likely than not that the Ninth Circuit will reverse the Court's judgment in this case. (*See* Ord. at 7.)

Accordingly, the Court GRANTS Defendants' motion to expunge the lis pendens.

### C. Attorney's Fees

Defendants seek attorney's fees and costs incurred in making this motion to expunge. California Civil Code of Civil Procedure § 405.38 states that "[t]he Court **shall** direct the party prevailing on any motion under this chamber be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." (Emphasis added.)

As in its prior order, the Court finds that attorney's fees are warranted in this case. Again, Plaintiff did not satisfy the requirements of Section 405.22, having failed to properly serve Defendants with the lis pendens or file the lis pendens with the Court. (*See* Ord. at 8.) Plaintiff also failed to show (or argue) that the instant action involves a real property claim or that such a claim has probable validity. (*Id.*) Finally, Plaintiff was on notice following the Court's December 8, 2016 order that the September 20, 2016 lis pendens was void for the same reasons the August 1, 2016 lis pendens was void; rather than withdraw the September 20, 2016 lis pendens, Plaintiff waited for Defendants to file a motion to expunge, and then filed an untimely opposition that repeated word-for-word the same arguments already rejected by this Court. Therefore, Defendants are entitled to attorney's fees.

Plaintiff's arguments against an award of attorney's fees are frivolous. First, Plaintiff argues that awarding attorney's fees will allow Defendants to seek a deficiency judgment, thus creating a separate right to collection that violates the one action rule. (Plf.'s Opp'n at 6-8.) Plaintiff is incorrect. The attorney's fees incurred by Defendants to expunge the lis pendens is separate from money owed pursuant to a mortgage; here, Defendants are entitled to attorney's fees

not because of the mortgage, but because Plaintiff recorded an invalid lis pendens and forced Defendants to incur the expense of filing the instant motion to expunge. Second, Plaintiff contends that Defendants are not entitled to attorney's fees under California Civil Code § 1717 because Defendants are not signatories to the Deed of Trust or Note. (Plf.'s Opp'n at 8-9.) Plaintiff fails to recognize that Defendants do not seek attorney's fees under California Civil Code § 1717, but California Code of Civil Procedure § 405.38, which concerns motions to expunge a lis pendens. Thus, whether Defendants are signatories to the Deed of Trust or Note is irrelevant to whether Defendants are entitled to attorney's fees for having to file the instant motion to expunge.

Defendants seek 5.9 hours in attorney's fees, comprised of 2.5 hours to prepare the motion, .5 hours to review Plaintiff's opposition, 2.7 hours to prepare the reply brief, and .2 hours to prepare a supplemental declaration regarding hours spent on the reply. (Kress Decl. ¶ 4; Supp. Kress Decl. ¶ 2, Dkt. No. 123.) The Court finds that this time is reasonable, and has previously found that Ms. Kress's hourly rate of $300 is reasonable. (*See* Dkt. No. 115 at 12-13.) Defendant is awarded $1,770 (5.9 hours x $300) in attorney's fees.

### III. CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' motion to expunge the lis pendens, and awards Defendants attorney's fees in the amount of $1,770.

IT IS SO ORDERED.

Dated: March 10, 2017

KANDIS A. WESTMORE
United States Magistrate Judge